

**FILED**
2015 AUG 17 PM 2:32
BETH A. CARRIGG
CLERK OF COURT
LEXINGTON SC

2015CP3202882

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT of COMMON PLEAS |
| COUNTY OF LEXINGTON ) | 41st JUDICIAL CIRCUIT |
| ) | CIVIL CASE# 2015-CP-32-_____ |
| Jason M. Williams ) | |
| ) | |
| Plaintiff(s) ) | SUMMONS |
| ) | |
| VS. ) | |
| ) | |
| Correct Care Solutions, and ) | |
| County of Lexington, SC, and ) | |
| Lexington County Sheriff's Department, and ) | |
| Selena Brown, and ) | |
| Director Major Kevin Jones ) | |
| _____ ) | |

TO:   THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to said complaint on the subscribed, **Timothy L. Griffith, Attorney at Law 360 West Wesmark, 2nd Floor, Sumter, South Carolina, 29150, within THIRTY (30)** days after the service hereof, exclusive of the date of such service. If you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

RESPECTFULLY SUBMITTED,

Timothy L. Griffith, Attorney at Law

By_____
Timothy L. Griffith
SC Bar# 77923
360 West Wesmark Blvd., 2nd Floor
Sumter, SC 29150
(803) 607-9386

This 6th day of Aug, 2015 in Sumter, SC.

FILED

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT of COMMON PLEAS |
| COUNTY OF LEXINGTON 2015 AUG 17 PM 2: 32 | 11th JUDICIAL CIRCUIT |
| ) | CIVIL CASE# 2015-CP-32-_____ |
| Jason M. Williams  BETH A. CARRIGG | |
|  CLERK OF COURT | COMPLAINT: 2015 CP 32 02882 |
| Plaintiff(s)  LEXINGTON SC ) | Violation of Eighth Amendment Rights, |
| ) | Assault and Battery, |
| VS. ) | Negligence and Gross Negligence, |
| ) | Negligent Hiring and/or Training, |
| Correct Care Solutions, and ) | Negligent Supervision, |
| County of Lexington, SC, and ) | First-Degree Sexual Misconduct with an Inmate |
| Lexington County Sheriff's Department and ) | At a Detention Facility, |
| Selena Brown, and ) | Reckless Endangerment, |
| Director Major Kevin Jones ) | Personal Injury, |
| ) | Mismanagement of a County Facility |

1. The Plaintiff complaining of the above named and unnamed Defendants would allege as follows:

2. Plaintiff reserves the right to add to defendant list as names of involved officers of the City and County(s) law enforcement that were involved are made known, and to add entities that are made known to Plaintiff in discovery.

## NATURE OF THE ACTION

3. This is an action, among other things, violation of Eighth amendment rights of the Plaintiff in this case and to provide relief to the Plaintiff who was affected by such unlawful practices. The nature of the rights denied to the defendant among other things was the constitutional ban against cruel and unusual punishment as outlined in the Eighth Amendment to the Constitution of the United States.

## JURISDICTION AND VENUE

4. All of the events occurred in the Lexington County Detention Center (hereafter "LCDC") facility, whose primary responsibility is to provide humane treatment and security to prisoners charged with felony or misdemeanor crimes.

5. County of Lexington, South Carolina is an entity and agency within Lexington County, South Carolina, which houses prisoners at the LCDC, and is therefore subject to the jurisdiction of this Court.

6. Correct Care Solutions LLC ("CCS") is an entity operating within the State of South Carolina providing medical care at the LCDC and is therefore subject to the jurisdiction of this Court.

7. Defendant Director Major Kevin Jones is director of that facility.
8. Defendant Selena Brown, hereafter ("Nurse"), was a nurse at the LCDC, employed by CCS, and later charged with three (3) counts of first-degree sexual misconduct with an inmate at a detention facility for alleged actions with the Plaintiff as the victim.
9. Plaintiff Jason M. Williams (hereafter "Williams") is an inmate, who at the time of the complaints made herein was detained at the Lexington Detention Center and submits himself therefore to be subject to the jurisdiction of this Court.

## STATEMENT OF THE FACTS

10. According to SC Section 44-23-1150(A):

    (1) "Actor" means an employee, volunteer, agent, or contractor of a public entity that has statutory or contractual responsibility for inmates or patients confined in a prison, jail, or mental health facility. Actor includes individuals who supervise inmate labor details outside of an institution or who have supervisory responsibility for offenders on parole, probation, or other community supervision programs.

    (2) "Victim" means an inmate or patient who is confined in or lawfully or unlawfully absent from a prison, jail, or mental health facility, or who is an offender on parole, probation, or other community supervision programs. A victim is not capable of providing consent for sexual intercourse or sexual contact with an actor.

11. Defendant Nurse had sexual intercourse with the Plaintiff on three (3) separate occasions while he was an inmate at LCDC. The events occurred in June, July, and August of 2014. Nurse was arrested and charged in October of 2014 with three (3) counts of first-degree sexual misconduct with an inmate at a detention facility. The sexual intercourse occurred when the parties of opposite sex were alone, and unsupervised at the nurse's station within the facility.

## FOR A FIRST CAUSE OF ACTION
## VIOLATION OF EIGHTH AMENDMENT RIGHTS

12. Plaintiff reiterates each and every paragraph aforementioned as if fully incorporated and set forth herein verbatim.

13. Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment while incarcerated was violated in that he was involved in a sexual relationship with Defendant Nurse to which he was unable, under state law, to consent.

14. This, on information and belief, was a violation of his right to be free from cruel and unusual punishment.

## FOR A SECOND CAUSE OF ACTION
## ASSAULT AND BATTERY

15. Plaintiff reiterates each and every paragraph aforementioned as if fully incorporated and set forth herein verbatim.

16. Williams was Assaulted and Battery committed against his person in that he was unable under SC law to consent to sexual intercourse and suffered violation of his person. The damage to Williams could have been prevented and was a direct result of his treatment at LCDC and of the mismanagement of the facility along with criminal actions on the part of an employee of CCS, contracted to the facility and to Lexington County.

## FOR A THIRD CAUSE OF ACTION
## NEGLIGENCE AND GROSS NEGLIGENCE

17. Plaintiff reiterates each and every paragraph aforementioned as if fully incorporated and set forth herein verbatim.

18. CCS and LCDC and officers and administrators of the facility were negligent in failing to supervise interaction between persons of the opposite sex and did not require or enforce employees to have other employees or staff present when interacting with inmates of the opposite sex in order to prevent violations of South Carolina law..

19. CCS and LCDC and administration knew or should have known of the situation and did not take actions to correct the situation and did not take actions to prevent the criminal actions of an employee.

## FOR A FOURTH CAUSE OF ACTION
## NEGLIGENT HIRING OR RETENTION AND/OR NEGLIGENT TRAINING

20. Plaintiff reiterates each and every paragraph aforementioned as if fully incorporated and set forth herein verbatim.

21. CCS and LCDC administrators knew or should have known that the staff, including Defendant Nurse and others, were not properly trained. Williams was a victim under South Carolina Code of Law, Section 44-23-1150, of first-degree sexual misconduct with an inmate at a detention facility as a direct result of Defendant's actions or inaction in not training staff, or in hiring staff without sufficient psychological evaluation to prevent crimes of this nature.
22. Defendants were negligent in that the officers and employees did not establish, follow, or enforce regulations and procedures regarding interactions between staff and inmates of the opposite sex, though they knew or should have known the procedures or proper procedures did not exist or were not enforced and Plaintiff suffered injury under South Carolina State Law as a direct and proximate result.
23. The officers were negligent in the operations and actions against Plaintiff and did not have sufficient training or rules in place to prevent the injury.
24. The officers knew or should have known that they were violating the rights of individuals, namely the Plaintiff, by their wilful actions or wilful failure to act.
25. Defendants were negligent in hiring officers or employees who they knew or should have known were not qualified to perform the task to prevent damage like that suffered by Williams.
26. Therefore the entities were negligent in allowing staff to remain on the force.

## FOR A FIFTH CAUSE OF ACTION
## NEGLIGENT SUPERVISION

27. Plaintiff reiterates each and every paragraph aforementioned as if fully incorporated and set forth herein verbatim.
28. Defendants knew or should have known the conditions could lead to damages such as those suffered by Plaintiff in not providing supervision for interactions between persons of opposite sex.
29. Defendants did not train or did not supervise employees, staff, or others in proper precautions at the facility in order to prevent the damage to Williams in being a victim of sexual misconduct.

## FOR A SIXTH CAUSE OF ACTION
## FIRST DEGREE SEXUAL MISCONDUCT WITH INMATE AT A DETENTION FACILITY

30. Plaintiff reiterates each and every paragraph aforementioned as if fully incorporated and set forth herein verbatim.
31. Defendants should be held liable for the actions of their employee and staff members when Plaintiff was a victim of a criminal act, namely first-degree sexual misconduct with an inmate at a detention facility (South Carolina Code of Law, Section 44-23-1150).
32. Plaintiff was a victim of the crime committed while incarcerated at the facility of defendants and by an employee of one of the defendants when defendant Nurse.

## FOR A SEVENTH CAUSE OF ACTION
## RECKLESS ENDANGERMENT AND WANTON AND RECKLESS CONDUCT

33. Plaintiff reiterates each and every paragraph aforementioned as if fully incorporated and set forth herein verbatim.
34. Defendants were reckless in neglecting the conditions that gave rise to the damages suffered by Williams and wilfully and recklessly endangered the health and safety of Williams in not providing supervision of opposite-sex inmates and staff.
35. Defendant Nurse was reckless when she engaged in sexual intercourse with the Plaintiff when she knew or should have known that such conduct was forbidden by state law, endangering Plaintiff through the risk of physical harm caused by sexually transmitted diseases.
36. Defendants knew or should have known that the actions or inactions would recklessly endanger Williams and others.

## FOR AN EIGHTH CAUSE OF ACTION
## PERSONAL INJURY

37. Plaintiff reiterates each and every paragraph aforementioned as if fully incorporated and set forth herein verbatim.
38. Plaintiff was injured due to the negligence and gross negligence of Defendant when Defendants' mismanagement or lack of supervision and care resulting in injury to Williams as a victim of sexual misconduct.

## FOR A NINTH CAUSE OF ACTION
## MISMANAGEMENT OF A STATE OR COUNTY FACILITY

39. Plaintiff reiterates each and every paragraph aforementioned as if fully incorporated and set forth herein verbatim.
40. Defendants mismanaged LCDC facilities and did not ensure that interactions between inmates and staff members of opposite sex were supervised to prevent misconduct.
41. Defendants mismanaged the facility at LCDC and failed to ensure proper care for the Plaintiff and others.

**WHEREFORE**, defendants seek relief from this Court in the form of;

1. Judgment against the defendants both severally and jointly for violation of the Civil and Human rights of the Plaintiff and of his Eighth Amendment rights; and
2. Judgment against the defendants both severally and jointly for reckless endangerment to Plaintiff and for damages cause to plaintiff; and
3. Judgment against the defendants both severally and jointly for punitive damages; and
4. Judgment against the defendants both severally and jointly for damages to the Plaintiff as a victim of first-degree sexual misconduct with an inmate at a detention facility; and
5. Judgment against the defendants both severally and jointly for the causes of action outlined above; and
6. Judgment against the defendants both severally and jointly for reasonable attorney fees and for the costs of this action; and
7. Such other relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED,

Timothy L. Griffith, Attorney at Law

By_____
Timothy L. Griffith
SC Bar# 77923
360 West Wesmark Blvd., 2nd Floor
Sumter, SC 29150
(803) 607-9087

This 5th day of Aug, 2015 in Sumter, SC.

2015CP3202882

FILED
JETHA A. CARRIGG
CLERK OF COURT
LEXINGTON SC
2015 AUG 17 PM 2:32

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT of COMMON PLEAS |
| COUNTY OF LEXINGTON | ) | 11th JUDICIAL CIRCUIT |
| | ) | CIVIL CASE# **2015-CP-32-_____** |
| Jason M. Williams | ) | |
| | ) | **2015CP3202882** |
| Plaintiff(s) | ) | VERIFICATION |
| | ) | |
| VS. | ) | |
| | ) | |
| Correct Care Solutions, and | ) | |
| County of Lexington, SC, and | ) | |
| Lexington County Sheriff's Department, and | ) | |
| Selena Brown, and | ) | |
| Director Major Kevin Jones | ) | |

FILED 2015 AUG 17 PM 2:32
BETH A. CARRIGG
CLERK OF COURT
LEXINGTON SC

I Jason M. Williams, Plaintiff in the above captioned case, have read the attached Summons and Complaint and the facts stated therein are true to the best of my knowledge and belief.

_____
Jason M. Williams

_____
Notary for the State of South Carolina
Sworn to before me this __6th__ day of __August__, 2015
My commission expires __8/8/15__

Page 8 of 8